**UNITED STATES of America**

v.

**Benjamin RODRIGUEZ.**

**Crim. No. 90–0009.**

United States District Court,
District of Columbia.

July 27, 1990.

---

Daniel Zachem, Asst. U.S. Atty., Washington, D.C., for U.S.

Edward Sussman, Washington, D.C., for defendant.

### MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This matter came before the Court for sentencing on July 23, 1990. Defendant had been tried before a jury on May 3 and 4, 1990. He was convicted of count I of the superseding indictment, possession with intent to distribute cocaine base in an amount in excess of 5 grams. He was acquitted of count II, knowingly using or carrying a firearm in aid of a drug trafficking offense. Upon consideration of the memoranda in aid of sentencing submitted by counsel for the defendant and counsel for the government; the Pre–Sentence Report prepared by the Probation Office; allocution by counsel for the defendant and the government; the United States Sentencing Commission's Guidelines; and the entire record in this case, the Court makes the following findings in respect to the sentence.

**I.** *The Court's Objections to the Guidelines Range*

The Court notes that application of the Guidelines as suggested in the pre-sentence report would have resulted in a sentencing range of 135 to 168 months in this case. However, the Court disagrees with this calculation in several respects.

**1. Enhancement for Specific Offense Characteristics**

The Court will not add a two-point enhancement to the defendant's sentence for possession of a firearm. The jury acquitted the defendant of the firearms charge. The defendant's sentencing range would rise to 135 to 168 months with the enhancement, instead of 108 to 135 for the base offense of possession with intent to

distribute crack cocaine. To add at least 27 months to the sentence for a charge of which the defendant was found not guilty violates the constitutional principle of due process and the ban against double jeopardy.

Furthermore, the jury's finding that the defendant did not know he was carrying a gun undercuts the rationale of Guideline § 2D1.1(b)(1). A person who does not know he is carrying a gun is not likely to try to use that gun and, therefore, does not present an increased risk of violence.

### 2. Adjustment for Acceptance of Responsibility

■ The Court finds that the defendant did accept responsibility for his role as a drug courier. The defendant appeared before the Court for several status hearings, as well as for a suppression hearing and a trial. The defendant never denied possession of the drugs. Initially, he indicated his willingness to plead guilty to this offense, and to cooperate with prosecutors in the apprehension of others. The government urges the Court to withhold a two-point reduction for the acceptance of responsibility under Guideline § 3E1.1 because the defendant did not accept responsibility for possessing the firearm. As with the requested enhancement, the double jeopardy and due process clauses of the Constitution protect the defendant from being punished for conduct for which he was not convicted.

### 3. Criminal History Category

■ The Court finds that the defendant's criminal history category as calculated in the pre-sentence report significantly over-represents the seriousness of the defendant's actual criminal history, and places him in a category befitting more serious transgressors. Defendant has only one prior conviction, as a youthful offender of age 17, for possession of stolen property. Additional criminal history points were attributed for that offense because the defendant was still serving a five-year probation term for that offense at the time of this arrest. Viewing the totality of the circumstances of this case, including the defendant's background as discussed below, the Court finds this to be a case where a downward departure in criminal history category is justified. The Court elects a downward departure as permitted by Guidelines section 4A1.3, and refers to the range for criminal history category I, the next lower sentencing range, in imposing sentence. The sentencing range for a category I offender is 78 to 97 months, instead of 87 to 108 months for a category II offender.

### II. *Statement of Reasons in Support of the Sentence*

■ The Court adopts the statements in the pre-sentence report as its findings of fact in support of the sentence, particularly those concerning the defendant's history as an abused child and his history of drug abuse. The defendant began smoking marijuana at the age of 9, and crack cocaine at the age of 14. He spent a substantial amount of his youth living in youth shelters for abused children. These factors in the defendant's history present "mitigating circumstance[s] ... to a degree not adequately taken into consideration by the Sentencing Commission," *see* 18 U.S.C.A. § 3553(b) (1990 Supp.), and warrant imposition of a sentence below that otherwise prescribed by the Guidelines. The Court concludes that the ends of rehabilitation, punishment and deterrence will be served by this sentence.

The Court has recommended that the Bureau of Prisons provide an education program and drug counseling and treatment to the defendant during his incarceration.

Finally, the Court waives the community service obligations suggested under Guidelines § 5E1.2(f). The defendant will be expected to obtain gainful employment when he re-enters the community. The difficulties presented by the transition from prison to life in the community are substantial, especially when an individual has limited educational and financial resources. Complying with the standard conditions of release will require the defendant's full time and attention.

For the reasons stated, it is by the Court

ORDERED that defendant, Benjamin Rodriguez, be incarcerated for a period of 78 months, in a penal institution to be designated by the Federal Bureau of Prisons. Following the period of incarceration, the defendant shall be placed on Supervised Release for a term of 4 years, as required by statute. The defendant shall pay a Special Assessment of $50.00, representing $50.00 on Count I.